IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALONZO T. JOHNSON,<br><br>     Petitioner,<br><br>     v.<br><br>GERALD ROZUM; THE ATTORNEY GENERAL FOR THE STATE OF PENNSYLVANIA,<br><br>     Respondent. | Civil Action No. 08 - 1240<br><br>District Judge Joy Flowers Conti<br>Magistrate Judge Lisa Pupo Lenihan |

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I.   RECOMMENDATION

It is respectfully recommended that the instant Petition for Writ of Habeas Corpus be dismissed without prejudice and that a certificate of appealability be denied.

II.   REPORT

Petitioner, Alonzo T. Johnson, a state prisoner confined in the State Correctional Institution at Somerset, Pennsylvania, has filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Petition should be dismissed without prejudice in accordance with the Rules Governing Habeas Corpus Cases Under Section 2254 because Petitioner currently is pursuing state court remedies in the Pennsylvania state courts.

A. Relevant Procedural History

In his Petition, Petitioner avers as follows. On March 23, 2005, in the Court of Common Pleas of Butler County, he was sentenced to a term of incarceration of from sixteen (16) to thirty-two (32) years for his conviction of rape of a child and related charges. Petitioner further avers that the Superior Court of Pennsylvania affirmed his judgment of sentence on May 17, 2006

and that the Supreme Court of Pennsylvania denied his petition for allowance of appeal on October 24, 2006. On March 9, 2007, Petitioner filed a petition for relief under the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa. Cons. Stat.§ 9541, *et seq*. On August 14, 2007, the PCRA Court denied Petitioner's PCRA Petition.

## B. Exhaustion Requirement

The provisions of the federal habeas corpus statute at 28 U.S.C. § 2254(b) require a state prisoner to exhaust available state court remedies before seeking federal relief. This exhaustion requirement serves to protect the interest of comity, which ensures that the state courts have the first opportunity to address and correct violations of state prisoners' federal rights. Rose v. Lundy, 455 U.S. 509, 518 (1982); Preiser v. Rodriguez, 411 U.S. 475, 491 (1973). Accordingly, before a federal court addresses the merits of a state prisoner's claims, constitutional and federal law issues first must have been fairly presented to the state courts through direct appeal, collateral review, state *habeas* proceedings, *mandamus* proceedings, or other available procedures for judicial review. *See, e.g.*, Castille v. Peoples, 489 U.S. 346, 351 (1989); Picard v. Connor, 404 U.S. 270, 275 (1971); Doctor v. Walters, 96 F.3d 675, 678 (3d Cir. 1996); Burkett v. Love, 89 F.3d 135, 137 (3d Cir. 1996). In addition, the exhaustion requirement requires a petitioner to present his claims to all levels of the state courts. Thus, a petitioner must have presented every claim raised in the federal petition to the state's trial court, intermediate appellate court and highest court before exhaustion will be considered satisfied. O'Sullivan v. Boerckel, 526 U.S. 838 (1999). The petitioner has the burden of establishing that exhaustion has been met. Ross v. Petsock, 868 F.2d 639, 643 (3d Cir. 1989); O'Halloran v. Ryan, 835 F.2d 506, 508 (3d Cir. 1987). A Petitioner shall not be deemed

2

to have exhausted state remedies if he has the right to raise his claims by any available state procedure. 28 U.S.C. § 2254(c).

Petitioner currently is in the process of presenting his claims to the Pennsylvania state courts through his PCRA proceeding, which is pending in the Superior Court of Pennsylvania. Considerations of judicial comity and federalism counsel against giving the state system less than a full opportunity to address Petitioner's claims. Thus, it appears that the proper course of action is to allow the Pennsylvania courts to have the first opportunity to address and correct the constitutional violations alleged by Petitioner in the instant petition.

> Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

Rose, 455 U.S. at 518 (internal quotations omitted). Furthermore, the exhaustion requirement serves the secondary purpose of facilitating the creation of a complete factual record to aid federal courts in their review. In light of the discussion above, this Court must stay its hand and dismiss the Petition without prejudice to refiling after he has exhausted his claims in the Pennsylvania state courts.

### C. Rules Governing Habeas Corpus Cases under Section 2254

Rule 4 of the Rules Governing Habeas Corpus Cases under Section 2254 provides, in relevant part, as follows.

> . . . The petition shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the petition and any exhibits

3

> annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. . . . In every case a copy of the petition and any other order shall be served by certified mail on the respondent and on the attorney general of the state involved.

In the instant action, it plainly appears "from the face of the petition . . . that the petitioner is not entitled to relief in the district court . . . ." Specifically, under the authority discussed above, this Court cannot find that Petitioner has exhausted all available state remedies when he currently is pursing a state court action in the Superior Court of Pennsylvania. Accordingly, the instant petition should be dismissed without prejudice to refiling after Petitioner has exhausted his state court remedies.

### D. Certificate of Appealability

Section 2253 of the Habeas Corpus Statute provides the standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Section 2253 provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."

In Slack v. McDaniel, 529 U.S. 473 (2000) the Supreme Court held that when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Applying this standard to the instant case, the court concludes that jurists of reason would not find it debatable whether dismissal of the petition for

4

failure to comply with the exhaustion requirement was correct. Accordingly, a certificate of appealability should be denied.

III.     <u>CONCLUSION</u>

For the foregoing reasons, it is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed without prejudice and that a certificate of appealability be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

                              Lisa Pupo Lenihan
                              U. S. Magistrate Judge

October 14, 2008

cc:    The Honorable Joy Flowers Conti
       United States District Judge

       Alonzo T. Johnson, FX - 2361
       S.C.I. Somerset
       1600 Walters Mill Road
       Somerset, PA 15510-005